## NEGRON v. UNITED STATES.

Circuit Court of Appeals, First Circuit.
February 9, 1929.

No. 2253.

George L. O'Hara, of Boston, Mass. (Pedro Amado Rivera and Aureliano Rivas, both of San Juan, Porto Rico, and Maurice J. Power, of Boston, Mass., on the brief), for plaintiff in error.

John V. Spaulding, Asst. U. S. Atty., of Boston, Mass. (John L. Gay, U. S. Atty., and Jesus A. Gonzalez, Asst. U. S. Atty., both of San Juan, Porto Rico, on the brief), for the United States.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

JOHNSON, Circuit Judge. The plaintiff in error was convicted in the District Court of the United States for the District of Porto Rico for the violation of the Act of Congress approved June 7, 1924, c. 320, § 500, 43 Stat. 628, as amended by the Act of March 4, 1925, c. 553, § 17, 43 Stat. 1311 (38 USCA § 551).

This act is known as the World War Veterans' Act, and section 500 of the same, so far as material, is as follows:

"Except in the event of legal proceedings under section 19 of title I of this act, no claim agent or attorney except the recognized representatives of the American Red Cross, the American Legion, the Disabled American Veterans, and Veterans of Foreign Wars, and such other organizations as shall be approved by the director shall be recognized in the presentation or adjudication of claims under titles II, III, and IV of this act, and payment to any attorney or agent for such assistance as may be required in the preparation and execution of the necessary papers in any application to the bureau shall not exceed $10 in any one case. * * * Any person who shall, directly or indirectly, solicit, contract for, charge, or receive, or who shall attempt to solicit, contract for, charge, or receive any fee or compensation, except as herein provided, shall be guilty of a misdemeanor, and for each and every offense shall be punishable by a fine of not more than $500 or by imprisonment at hard

labor for not more than two years, or by both such fine and imprisonment."

One Juan R. Perez, a veteran of the World War, had made application to the Veterans' Bureau at Washington, D. C., for compensation, with the assistance of the American Red Cross in San Juan, Porto Rico, but after a long delay he was led to apply to Negron for his assistance. The manager of the Veterans' Bureau in San Juan, Porto Rico, received a communication from Washington in 1922 to examine the applicant.

Perez testified that Negron assisted him in obtaining compensation, which he had been trying to obtain for seven years. Negron secured an affidavit from one Dr. Crespo, which was forwarded to Washington to be used in connection with the claim of Perez. Ultimately Perez received $3,755.70, from which Negron took $1,877.85, being 50 per cent. of the compensation received.

Perez enlisted in the army of the United States in 1908 and was discharged on March 12, 1919. He afterwards was in several hospitals, and both of his legs were amputated to arrest the progress of the disease with which he was afflicted.

The errors assigned are that the court refused to order a verdict for the defendant, failed to instruct the jury as requested by the defendant, and erred in the admission of testimony.

█ It clearly appears from the testimony of Perez, and from a letter introduced in evidence, written to Perez by Negron December 17, 1927, that Negron assisted Perez in preparing his claim for compensation. In this letter the writer asked him to send his discharge and "give me some data that I need in order to start your claim." He then gives specific directions in regard to the evidence which will be needed, and also directs him to get a medical certificate from Dr. Crespo, and to send all letters which he may have received from the Veterans' Bureau. It is clear that there was evidence to be submitted to the jury, and that the request for a directed verdict was correctly denied.

█ The instructions which the court failed to give related to the papers which had been introduced in evidence. The court was asked to instruct the jury that in order to convict the defendant it was incumbent upon the government to prove beyond a reasonable doubt that these papers were prepared and executed by his direction. In regard to the services rendered to Perez by Negron the court correctly charged the jury as follows:

"If you believe from the evidence beyond a reasonable doubt that the defendant was the agent of Juan R. Perez in the matter of the claim of the said Juan R. Perez for compensation under the World War Veterans' Act of 1924, and that as such agent he furnished such assistance as was required in the preparation and execution of the necessary papers in regard thereto, and that he received a greater sum than $10 therefor, then you must convict the defendant.

"The law reads: 'Assistance * * * in the preparation and execution of the necessary papers.' That does not mean that the defendant prepared all of the papers, or that he necessarily prepared any of the papers. If he gave his assistance in such preparation and execution, that is all that is required."

This instruction fairly covered the request that was made.

█ It is also assigned as error that the court erred in not instructing the jury that it was incumbent upon the government "to prove beyond a reasonable doubt that the papers introduced by the government in evidence were necessary papers in order to convict the defendant." It is not clear from the record what papers are referred to in the requested instruction, but they evidently were the application of the soldier, his discharge, and affidavits showing his disability, all of which were forwarded to Washington. That these were "necessary papers" is shown by the fact that compensation was awarded, and that in the letter of Negron to Perez above referred to they were deemed to be necessary.

██ It is also assigned as error that the testimony of an attorney—Picornell—was admitted. His testimony related only to the identification of certain incriminating letters which were left by Negron at the home of Perez for his signature, and which in substance stated that Negron had dealt honorably and faithfully with him, that he had made a mistake in asking for an investigation of his case, and that Negron had never received any compensation from him greater than that allowed by law and had done nothing in violation of the World War Veterans' Act. These letters were introduced in evidence for the purpose of showing acknowledgment of guilt by Negron and an attempt on his part to evade its consequences. The court ruled that the evidence of Picornell did not violate the duty owed by Picornell as an attorney to Perez, and it is evident that its only purpose was to identify the letters which were brought by Perez to him. There was no error in the admission of these letters in evidence.

586

We find no merit in any of the errors assigned. The record clearly discloses that Negron received half of the amount paid to Perez, which was a violation of the World War Veterans' Act; that when the check for the full amount of the compensation was received by Perez he went to Negron with it, as the latter had instructed him to notify him upon its receipt; that at this time Negron had his discharge and other papers that came from Washington; that when he received the check he went to San Juan to cash it in order to pay Negron for his work—"the letters he wrote to Washington, and everything, I had to pay him for his services. I don't know how many letters he wrote to Washington. I know that he wrote to Washington because I sent to him a doctor's certificate of Dr. Crespo." He also testified that he had received a letter from Negron stating that instructions had been received from Washington to send him to the hospital.

The judgment of the District Court is affirmed.